DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
**TANNER LAW FIRM**
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
jeff@tannerlawfirm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| MARTINA LYNN JACCARINO, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEVADA CVS PHARMACY, LLC, a Nevada limited liability company; WARM SPRINGS ROAD CVS, L.L.C., a Nevada limited liability company; CVS PHARMACY, INC., a foreign corporation; DOES I through X; and ROE ENTITIES I through X,<br><br>　　　　　　Defendants. | CASE NO.: 2:25-cv-343-GMN-DJA<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT TO FILE FIRST AMENDED COMPLAINT** |

## STIPULATION AND ORDER TO AMEND COMPLAINT TO FILE
## FIRST AMENDED COMPLAINT

Plaintiff MARTINA LYNN JACCARINO, by and through her counsel of record DAVID A. TANNER, ESQ. and JEFFREY C. GUNN, ESQ., of TANNER LAW FIRM and Defendants NEVADA CVS PHARMACY, LLC, WARM SPRINGS ROAD CVS, L.L.C., and CVS PHARMACY, INC., by and through their counsel of record MARJORIE E. KRATSAS, ESQ. of WOOD, SMITH, HENNING & BERMAN LLP, hereby stipulate and agree as follows:

1

IT IS HEREBY STIPULATED that the Defendants represent that NEVADA DVS PHARMACY, LLC and WARM SPRINGS ROAD CVS, LLC are the entities that owned, operated, managed, and maintained the premise where this incident occurred.

IT IS FURTHER STIPULATED that Defendants represent that CVS PHARMACY, INC. did not have any day-to-day involvement with the premise where the incident occurred, and its inclusion in this case is not necessary or proper because that entity has no information about the subject incident, nor does it have any involvement in this incident.

IT IS FURTHER STIPULATED that the Complaint and Caption be amended to remove reference to CVS PHARMACY, INC. and that Plaintiff files the First Amended Complaint. [Copy of First Amended Complaint attached hereto as Exhibit 1] CVS PHARMACY, INC. will be dismissed from this case, without prejudice.

IT IS FURTHER STIPULATED that the First Amended Complaint will relate back to the date of the original complaint for all purposes, including the statute of limitations.

IT IS FURTHER STIPULATED that should discovery reveal that CVS PHARMACY, INC. had any involvement with the day-to-day operations of the premise where the incident occurred, or that it had any involvement in this incident, that it can be brought back into this case.

IT IS FURTHER STIPULATED that WOOD, SMITH, HENNING & BERMAN LLP will accept service of the First Amended Complaint on behalf of Defendants.

DATED this 15th day of April, 2025.　　　　　DATED this 15th day of April, 2025.

**WOOD, SMITH, HENNING & BERMAN LLP**　　　　　**TANNER LAW FIRM**

BY: ___/s/ Marjorie E. Kratsas_____　　　　　BY: _____
MARJORIE E. KRATSAS, ESQ.　　　　　DAVID A. TANNER, ESQ.
Nevada Bar No. 12934　　　　　Nevada Bar No. 8282
2881 Business Park Court, Suite 200　　　　　JEFFREY C. GUNN, ESQ.
Las Vegas, Nevada 89128-9020　　　　　Nevada Bar No. 15925
*Attorneys for Defendants Nevada CVS*　　　　　7895 W. Sunset Road, Ste. 115
*Pharmacy, L.L.C.; Warm Springs Road*　　　　　Las Vegas, Nevada 89113
*CVS, L.L.C.; and CVS Pharmacy, Inc.*　　　　　*Attorneys for Plaintiff*

2

**IT IS THEREFORE ORDERED** that the parties' stipulation (ECF No. 9) is **granted in part and denied in part.** It is granted in part regarding the parties' stipulation that Plaintiff be permitted to amend the complaint. It is denied in part regarding the parties' request that the Court, through its order on this stipulation, dismiss CVS Pharmacy, Inc. from this case without prejudice. If the parties wish to dismiss CVS Pharmacy, Inc., they must file a separate stipulation of dismissal. *See* LR IC 2-2(b).

**IT IS FURTHER ORDERED** that Plaintiff must file and serve the Amended Complaint as provided in LR 15-1.

IT IS FURTHER ORDERED that the First Amended Complaint will relate back to the date of the original complaint for all purposes, including the statute of limitations.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: April 17, 2025

3

# EXHIBIT 1

# EXHIBIT 1

DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
**TANNER LAW FIRM**
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
jeff@tannerlawfirm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARTINA LYNN JACCARINO, an individual ) | CASE NO.:  2:25-cv-343-GMN-DJA |
| ) | |
| Plaintiff, ) | **FIRST AMENDED COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| NEVADA CVS PHARMACY, L.L.C., a Nevada limited liability company; WARM SPRINGS ROAD CVS, L.L.C, a Nevada limited liability company; DOES I through X; and ROE ENTITIES I through X, ) | |
| ) | |
| Defendants. ) | |

## **FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, MARTINA LYNN JACCARINO, by and through her attorneys, DAVID A. TANNER, ESQ., and JEFFREY C. GUNN, ESQ. of TANNER LAW FIRM, and complains and alleges against Defendants, and each of them, as follows:

1

### THE PARTIES

1.      This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendant, or any one of them resided in Clark County, Nevada at the commencement of this action.

1.      At all times relevant hereto, Plaintiff, MARTINA LYNN JACCARINO ("Ms. Jaccarino" or "Plaintiff"), is and was a resident of Clark County, Nevada.

2.      At all times relevant hereto, Defendant, NEVADA CVS PHARMACY, L.L.C., is and was a Nevada limited liability company and was licensed to and was conducting business in Clark County, Nevada.

3.      At all times relevant hereto, Defendant, WARM SPRINGS ROAD CVS, L.L.C, is and was a Nevada limited liability company and was licensed to and was conducting business in Clark County, Nevada

4.      Plaintiff believes that NEVADA CVS PHARMACY, L.L.C. and WARM SPRINGS ROAD CVS, L.L.C, owned, operated, maintained, and managed the CVS located at 60 North Valle Verde Drive, Henderson, Nevada 89074.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does I through X and Roe Corporations I through X are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as Does and Roe Entities are responsible in some manner for the events and happenings referred to as alleged herein, whether by actually or have responsibility for creating the hazard, failing to warn of the hazard, owning, managing, maintaining, inspecting, cleaning, supervising, or controlling the premises, including the floor and the displays in the area, or in some other manner as set forth herein. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of Does I through X and Roe Entities I through X when the same have been ascertained and to join such Defendants in this action.

**GENERAL ALLEGATIONS**

6.      On or about May 6, 2023, Ms. Jaccarino was at CVS located at 60 North Valle Verde Drive, Henderson, Nevada 89074 near the pharmacy counter.

7.      Plaintiff was legally on the premises of the CVS at the time of this incident.

8.      At all times relevant herein, the Defendants were the owners, managers, maintainers, inspectors, supervisors, or controllers of the premises where Plaintiff was located.

9.      Plaintiff believes that at all times relevant herein, the Defendants and each of them were the employees or agents of the other Defendants and were acting in the course and scope of their employment or agency.

10.     While near the pharmacy counter in CVS, Ms. Jaccarino took a step back encountered a corner of a cardboard stand or display that caused her to trip and fall causing debilitating injuries to herself.

11.     Plaintiff believes that the Defendants have a policy that all areas of the store, must be routinely inspected, maintained, and repaired so they are kept safe and in good repair or warnings used to ensure patrons, such as Plaintiff, are not harmed.

12.     Plaintiff believes that Defendants have a policy that cardboard signs or displays must be sufficiently noticeable so patrons can see a potential hazard in the area. Further, cardboard signs or displays should be placed in an area where they do not create tripping hazards, including the base that may extend out past the upper portion of the sign or display.

13.     Plaintiff believes that the Defendants have a policy that understands that cardboard stands or displays that are the same color as the carpet create a latent hazardous condition and can lead to a patron being injured.

14.     On or about May 6, 2023, Defendants, and each of them, while in the course and scope of their employment and agency with other Defendants, negligently failed to maintain, manage, inspect, clean, supervise, control, and repair the premises, failed to ensure cardboard signs or displays were not latent or that they did not have bases that extend out, and further failed to warn Plaintiff of hazards which resulted in Plaintiff's injuries.

3

15.     Defendants' personnel did not use warnings to alert patrons, such as Plaintiff, of the hazardous condition.

## FIRST CAUSE OF ACTION
### (Negligence)

16.     Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 15 as though fully set forth herein.

17.     Defendants have a duty to maintain, manage, inspect, clean, supervise, control, and repair the premises and associated signs and displays to ensure that no hazards existed that could harm a patron. Defendants had a duty to warn of hazards or ensure that latent hazards were sufficiently noticeable.

18.     Defendants breached these duties, which breached proximately cause harm to Plaintiff.

19.     As a result of Defendants' conduct, Plaintiff has suffered damages, and Plaintiff is entitled to damages in excess of $15,000.00.

20.     As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

1.     General damages in an amount in excess of $15,000.00;

2.     Special damages in an amount in excess of $15,000.00;

3.     Costs of suit and attorneys' fees;

…

…

…

…

4

4.    For judgment for interest; and

5.    For such other and further relief as this Court deems just and proper.


Dated this _____ day of April 2025.



By:    _____

DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
**TANNER LAW FIRM**
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
jeff@tannerlawfirm.com
*Attorneys for Plaintiff*

5