Marjorie E. Kratsas
Nevada Bar No. 12934
mkratsas@wshblaw.com
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702.251.4100
Facsimile: 702.251.5405
*Attorneys for Defendants Nevada CVS
Pharmacy, L.L.C. and Warm Springs Road
CVS, L.L.C.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARTINA LYNN JACCARINO, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>NEVADA CVS PHARMACY, LLC, a Nevada limited liability company; WARM SPRINGS ROAD CVS, L.L.C., a Nevada limited liability company; DOES I through X; and ROE ENTITIES I through X,<br><br>       Defendants. | Case No. 2:25-cv-343-GMN-DJA<br><br>**AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(e), the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

    1. **Meeting**:  Pursuant to FRCP Rule 26(f), a meeting was held on April 1, 2025, and was attended telephonically by David A. Tanner, Esq. of TANNER LAW FIRM for Plaintiff and Marjorie Kratsas, Esq. of Wood, Smith, Henning & Berman LLP for Defendants.

    2. **Pre-Discovery Disclosures**:  Pursuant to FRCP Rule 26(a)(1), the parties will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

1  required pursuant to FRCP 26(a)(i)(A)(iii), by **July 07, 2025**.

2      3.  **Areas of Discovery**:  The parties agree that the areas of discovery should include, but

3  not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4      4.  **Discovery Plan**:  The parties propose the following discovery plan:

5      **Discovery Cut-off Date(s)**:  Plaintiff's Complaint was served on Defendants WARM

6  SPRINGS ROAD CVS, L.L.C., NEVADA CVS PHARMACY, LLC, and CVS PHARMACY,

7  INC., on January 27, 2025. Defendants WARM SPRINGS ROAD CVS, L.L.C., NEVADA CVS

8  PHARMACY, LLC, and CVS PHARMACY, INC., filed its Answer to Plaintiff's Complaint in

9  the Eight Judicial District Court on February 18, 2025. Defendants filed a petition for removal on

10  February 26, 2025. Plaintiff's First Amended Complaint was filed May 23, 2025. Defendant CVS

11  PHARMACY, INC., was dismissed by stipulation on May 30, 2025. Defendants WARM

12  SPRINGS ROAD CVS, L.L.C., NEVADA CVS PHARMACY, LLC, filed its Answer to

13  Plaintiff's First Amended Complaint on June 5, 2025.

14      LR 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one

15  hundred eighty (180) days from the date the first defendant answers or appears will require special

16  scheduling review." The parties agree there is a need for special review. The parties request that

17  the discovery cut-off date be **May 29, 2026**, which is 465 days (i.e., 15 months) from February

18  18, 2025.

19      The length of discovery is necessitated by (i) Plaintiff is still actively treating for her

20  alleged injuries, so the parties hope to achieve a cessation of care and assess claimed disabilities;

21  (ii) expert discovery, of which experts are anticipated to reside outside the state of Nevada

22  requiring travel for deposition; (iii) party depositions which include Plaintiff, her treating

23  providers, and witnesses. The parties also need to notice a Rule 35 Examination; and, (iv) to

24  afford the parties an opportunity to explore potential early resolution discussions via private

25  mediation before expert disclosures are made and discovery cuts off.

26      5. **Amending the Pleadings and Adding Parties**:  The parties shall have until **February**

27  **27, 2026**, to file any motions to amend the pleadings to add parties. This is 90 days before the

28  discovery cut-off date.

6. **FRCP 26(a)(2) Disclosure of Experts**:  Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before **March 30, 2026**. The disclosure of rebuttal experts and their reports shall occur on or before **April 29, 2026**. The expert disclosure deadline is 60 days before the discovery cut-off date and the rebuttal expert disclosure deadline is 30 days after the initial expert disclosure deadline.

7. **Dispositive Motions**:  The parties shall have until **June 29, 2026**, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

8. **Pre-Trial Order**:  The parties will prepare a Consolidated Pre-Trial Order on or before **July 29, 2026**, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

9. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order.  If the Court does not have questions, the parties do not request a conference with the Court.

10. **Authorizations**:  The parties agree to exchange signed authorizations for the release of records without the need for a formal discovery request. Should any party object to the scope or content of a proposed authorization, the parties shall meet and confer in good faith to resolve the dispute. If the parties are unable to reach resolution, the issue may be submitted to the assigned Magistrate Judge for determination.

11. **Waiver of Mailing**: The parties have agreed that, to the extent not served through ECF (e.g., filings under seal, unfiled discovery, notices, and other communications), the parties will effectuate service via email in lieu of other service methods, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance of the party to be served.  If transmission of voluminous materials as an email attachment is impractical, those materials shall be sent via a secured link.

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

12. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

13. **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

14. **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the short trial program (General Order 2013-01). The parties do not consent to trial by magistrate judge or use of the short trial program.

15. **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

16. **FRCP 35 Examination**: Defendant reserves the right to have Plaintiff undergo an FRCP 35 Examination performed by Defendant's doctor(s), to be determined if Plaintiff pursues future damages. Said independent medical examination is allowed pursuant to the Federal Rules of Civil Procedure and without waiving all objections thereto by either party.

DATED this 30th day of June, 2025

**TANNER LAW FIRM**

  */s/ Jeffrey C. Gunn, Esq.*
David A. Tanner, Esq.
Nevada Bar No. 8282
Jeffrey C. Gunn, Esq.
Nevada Bar No. 15925
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
*Attorneys for Plaintiff*

DATED this 1st day of July, 2025

**WOOD, SMITH, HENNING & BERMAN LLP**

  */s/ Marjorie E. Kratsas, Esq.*
Marjorie E. Kratsas
Nevada Bar No. 12934
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
*Attorney for Defendants Nevada CVS Pharmacy, L.L.C.; Warm Springs Road CVS, L.L.C.; and CVS Pharmacy, Inc.*

**IT IS SO ORDERED:**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 7/14/2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2025, a true and correct copy of **AMENDED DISCOVERY PLAN AND SCHEDULING ORDER** was served by electronically filing with the United States District Court using the CM/ECF system and serving all parties with an email-address on record.

David A. Tanner, Esq.
Nevada Bar No. 8282
Jeffrey C. Gunn, Esq.
Nevada Bar No. 15925
TANNER LAW FIRM
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
P: 702-987-8888
*daid@tannerlawfirm.com*
*jeff@tannerlawfirm.com*
*Courtney@tannerlawfirm.com*
*Jen@tannerlawfirm.com*
*Attorneys for Plaintiff*

By  */s/ Nancy Amaya*
    Nancy Amaya, an Employee of
    WOOD, SMITH, HENNING & BERMAN LLP

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

**Nancy A. Amaya**

| | |
|---|---|
| **From:** | Jeff Gunn <Jeff@tannerlawfirm.com> |
| **Sent:** | Monday, June 30, 2025 4:33 PM |
| **To:** | Marjorie E. Kratsas; David Tanner; Courtney McMenamy; Nancy A. Amaya |
| **Cc:** | Jennilee Miller; martinajaccarinoz992199360@tannerlawfirm.filevineapp.com |
| **Subject:** | [EXTERNAL] RE: Martina Lynn Jaccarino v Nevada CVS Pharmacy LLC, et al. - Case No. A-25-910535-C- SAO Protective Order / Meet and Confer |

You can e-sign for me.

Cordially,

**Jeffrey C. Gunn, Esq.**

**TANNER LAW FIRM**
7895 W. Sunset Road | Suite 115
Las Vegas, Nevada 89113
Tel: 702-987-8888 | Fax: 702-410-8070
jeff@tannerlawfirm.com

1



***MAIL CONFIDENTIALITY NOTICE****: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.*

**From:** Marjorie E. Kratsas <MKratsas@wshblaw.com>
**Sent:** Monday, June 30, 2025 12:09 PM
**To:** Jeff Gunn <Jeff@tannerlawfirm.com>; David Tanner <david@tannerlawfirm.com>; Courtney McMenamy <Courtney@tannerlawfirm.com>; Nancy A. Amaya <NAmaya@wshblaw.com>
**Cc:** Jennilee Miller <Jen@tannerlawfirm.com>; martinajaccarinoz992199360@tannerlawfirm.filevineapp.com
**Subject:** RE: Martina Lynn Jaccarino v Nevada CVS Pharmacy LLC, et al. - Case No. A-25-910535-C- SAO Protective Order / Meet and Confer