UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Martina Lynn Jaccarino, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Nevada CVS Pharmacy, LLC, a Nevada limited liability company; Warm Springs Road CVS, LLC, a Nevada limited liability company; et al.,<br><br>Defendants. | Case No. 2:25-cv-00343-GMN-DJA<br><br>**Order** |

Before the Court is Defendants Nevada CVS Pharmacy, LLC and Warm Springs Road CVS, LLC's motion for a blanket protective order governing the parties' exchange of information.  (ECF No. 21).  While the parties agree on nearly all provisions of the protective order, they reached an impasse regarding whether to require third parties who receive confidential information to sign a document agreeing to be bound by the protective order.  Because requirements that third parties sign agreements to follow the terms of a protective order are common, and because Plaintiff has not advanced persuasive reasons for the protective order to not include this language, the Court grants Defendants' motion in part regarding their request that the Court enter a protective order including that language.  The Court denies Defendants' motion in part because the Court declines to enter the protective order attached to Defendants' motion.  Instead, it will require the parties to submit a stipulated protective order including the third-party-agreement-to-be-bound language and attachment and certain additional language that the Court outlines below.

**I.     Legal standard.**

Federal Rule of Civil Procedure 26(c) governs protective orders.  Fed. R. Civ. P. 26(c).  It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). There are three types of protective orders in federal practice. *Federal Deposit Insurance Corporation v. Lewis*, No. 2:10-cv-439-JCM-VCF, 2015 WL 13667215, at *1 (D. Nev. July 29, 2015). The first—protective orders—protect a person from producing information in response to a discovery request. *See, e.g.*, Fed. R. Civ. P. 26(b)(2), (c)(1)(A), (c)(1)(C)-(E). The second—sealing orders—protect a person's privacy interests by preventing the public from accessing court records. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(F)-(H). The third—blanket protective orders—are (typically) stipulated agreements between the parties that generally require discovery to be conducted in a certain manner or be kept confidential. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(B).

## II.   Discussion.

Defendants assert that the only provision on which the parties cannot agree is the requirement that third parties who receive confidential information sign an agreement to follow the terms of the protective order. (ECF No. 21). In response, Plaintiff argues that requiring third parties like experts and mock jurors to sign an agreement to be bound to the protective order will reduce the number of individuals who are willing to fill those roles and will have a chilling effect on those individuals.[1] (ECF No. 22). Plaintiff also raises the issue that, if she were required to keep a list of individuals to whom she disclosed confidential information, and potentially disclose that list, doing so would invade the work product privilege. However, Plaintiff asserts that, if the Court were to require third parties to sign an agreement to follow the terms of the protective order, she would request that the Court include the following sentence:

---

[1] Plaintiff raises additional arguments that the Court does not address:

First Plaintiff argues that the documents that Defendants seek to mark confidential are not actually confidential. However, because there is no operative protective order in this case under which Defendants have marked documents confidential and because Plaintiff has not challenged the designations over any specific documents, the Court finds that this issue is premature. So, the Court declines to opine on the propriety of Defendants' confidentiality designations at this stage.

Second, Plaintiff argues that the third-party-agreement-to-be-bound would mean that "Defendant can consult with anyone it wants to, but [Plaintiff] cannot." Having reviewed the language of the proposed protective order, the requirement that third parties agree to be bound to the terms of the protective order applies to any witnesses and third parties, not just those employed by Plaintiff or her counsel. So, the Court does not address this argument further.

> If any party objects to disclosing their record of people to whom they have given or shown Confidential Material, the party objecting to the disclosure may file the appropriate motion with the Court.

In reply, Defendants assert that Plaintiff's concern about the "chilling" effect of the third-party-agreement-to-be-bound is vague and is outweighed by Defendants' concern that anyone receiving confidential information understand that they are bound to the terms of the protective order and be subject to consequences of violating it.

The Court finds that Defendants have the better argument. Requirements in protective orders that third parties who receive confidential information sign an agreement to follow the terms of the protective order governing discovery in the case are common. *See Tomahawk Manufacturing, Inc. v. Spherical Industries, Inc.*, 344 F.R.D. 468, 471 (D. Nev. 2023) (explaining that "blanket protective orders often include carveouts to enable experts or consultants to access sensitive information upon *agreeing to be bound by the terms of that blanket protective order*") (emphasis added); *see Satmodo, LLC v. Whenever Communications, LLC*, No. 3:17-cv-00192-AJB-NLS, 2018 WL 1071707, at *7-10 (S.D. Cal. Feb. 27, 2018) (entering a blanket protective order including an agreement to be bound to individuals, including professional vendors and experts, to whom the parties disclose confidential information). So, the Court will require the parties to stipulate to a protective order that includes language requiring third parties who receive confidential information to agree to be bound to the terms of the protective order. However, to assuage Plaintiff's concerns regarding disclosing a list of individuals to whom she has disclosed confidential information, the Court will require the parties' protective order to include a version of the sentence which she references.

Finally, the Court notes that the proposed protective order attached to Defendants' motion fails to state the governing standards for filing documents under seal with the Court. There is a presumption of public access to judicial files and records. So, a party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The parties' stipulated protective order must therefore include the following language:

The Court has adopted electronic filing procedures. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

All motions to seal shall address the standard articulated in *Ctr. for Auto Safety* and explain why that standard has been met. 809 F.3d at 1097. Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*. 447 F.3d 1172. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1097.

There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id*. "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*. (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to

seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

**IT IS THEREFORE ORDERED** that Defendants' motion for a protective order (ECF No. 21) is **granted in part and denied in part.** The Court grants Defendants' request that the Court find a protective order appropriate. The Court denies Defendants' request that it enter Defendants' proposed terms.

**IT IS FURTHER ORDERED** that the parties must meet and confer and attempt to stipulate to a protective order governing the exchange of discovery that includes the language addressed in this order. The parties must file their stipulated protective order on or before **November 10, 2025.**

DATED: October 10, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE